## PRESTON *v.* PUTNAM COUNTY BANKING COMPANY.

1. In a suit on a promissory note, brought against a partnership, which was defended by only one of the partners, evidence offered by the defendant as to a contract of dissolution of the partnership, by the terms of which the other partner agreed to assume all the liabilities of the firm, including the note sued on, was not admissible, it not appearing that the plaintiff knew of the existence of the contract or derived any benefit therefrom.
2. In such a suit, evidence of an agreement between the plaintiff and the defendant, relative to another and different note from the one sued on, made long before the execution thereof and not shown to have been in any manner connected therewith, was not admissible as a defense to the action.

Submitted June 13, — Decided July 12, — Rehearing denied August 9, 1904.

Complaint.    Before Judge Lewis.    Putnam superior court. September term, 1903.

*Turner & Adams,* for plaintiff in error.
*W. F. Jenkins & Son* and *J. H. Hall,* contra.

CANDLER, J.    This was a suit on a promissory note, brought by the Putnam County Banking Company against J. W. Preston & Company, a partnership composed of J. W. Preston and E. M. Brown.    Preston answered individually, admitting the execution of the note and assuming the burden of proving that he was not liable thereon.    At the trial he introduced in evidence a contract of dissolution of the partnership between him and Brown, dated subsequently to the execution of the note sued on, by the terms of which Preston transferred to Brown all his interest in the assets

of the firm and paid him a cash sum, and Brown assumed all the liabilities of the partnership.    This contract was signed by Preston and by Brown, but there was nothing in the evidence to charge the plaintiff bank with notice of its contents or acquiescence in its terms.    The defendant also offered in evidence a paper dated more than two years prior to the execution of the note sued on, which was as follows :    "Eatonton, Ga., Feby. 23, 1898.    E. M. Brown and J. W. Preston have this day given their joint note to the Putnam County Banking Company for two thousand, one hundred, forty-eight and 16/100 dollars ($2,148.16), payable eight months from date at banking house of P. C. B. Co., Eatonton, Ga., said note to be discounted at P. C. B. Co., with privilege of re-newing same at maturity, and also with the understanding that either party, maker of said note, may at any time before due reduce same in such amount as may be desired, receiving credit with interest on such payments at 10% per annum, balance to be paid by each party as his interest may appear.    This note is a joint note, on which each maker has received an equal amount, to be used in the business known as 'Little River Mills,' Eatonton, Ga. [Signed] E. M. Brown, J. W. Preston, The Putnam County Bkg. Co."    The note which was the subject of the suit was dated November 5, 1900, was for $2,133.28 principal, and was due four months after date.    The evidence does not disclose any connection between it and the note referred to in the paper just quoted. On motion of counsel for the plaintiff, both the contract of dissolution and the agreement with reference to the note for $2,148.16 were ruled out.    No further evidence was offered by the defendant, and the court directed a verdict in favor of the plaintiff for the unpaid balance of the note sued on.    The defendant excepted.

We find no error in the ruling of the trial court.    As before stated, there is nothing in the record to indicate that the bank had any notice of the existence of the contract of dissolution, much less that it acquiesced therein or received any benefit therefrom.    The portion of the defendant's plea which set up this contract as a defense to the action was plainly open to demurrer; and the fact that no demurrer was filed by the plaintiff does not render admissible evidence to sustain its contentions.    See *Patterson* v. *Ramspeck*, 81 *Ga.* 808 (4).    It is obvious, of course, that the contract between the plaintiff and the defendant could not be affected

by an independent private agreement between the defendant and his partner, from which the plaintiff derived no advantage and of the existence of which it was not shown to have been aware.

In the plea filed by the defendant it was alleged that Brown, the defendant's erstwhile partner, was the cashier of the plaintiff bank; and presumably it was intended to set up that in the transactions between the firm and the bank he was acting in his capacity as representative of the bank. Regardless of the validity of this defense, it is sufficient to say that the evidence sent up in the record discloses no relationship between Brown and the bank. Leaving this out of the question, however, the agreement dated February 23, 1898, was clearly not admissible to affect the note sued on, which was executed nearly three years later, and which was not shown to have had any connection with the note to which that agreement related. In the answer it was averred that the note sued on was a renewal of the note to which the agreement related; but there was no evidence to support this averment. The note sued on was for a different amount, was payable to a different party, and was in every respect a different contract from the one referred to in the agreement. These two papers being the only evidence offered by the defendant, and both of them being properly excluded from consideration by the jury, no course was left open for the court except to direct a verdict for the plaintiff.

*Judgment affirmed. All the Justices concur.*